UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS NUNO,<br><br>        Plaintiff,<br><br>    v.<br><br>TULARE COUNTY SHERIFF DEPARTMENT, et al.,<br><br>        Defendant. | Case No.: 1:22-cv-00647-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Luis Nuno is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.    RELEVANT PROCEDURAL BACKGROUND**

Plaintiff initiated this action with the filing of his complaint on May 31, 2022. (Doc. 1.)

On July 26, 2022, following preliminary actions to update certain information concerning Plaintiff's pending application (*see* Docs. 5, 7, 8, 9), the Court issued its Order Granting Plaintiff's Application to Proceed *In Forma Pauperis* and Order Directing Payment of Inmate Filing Fee by the Tulare County Sheriff. (Doc. 10.)

On August 1, 2022, Plaintiff filed a Notice of Change of Address, advising the Court of a move from the South County Detention Facility in Porterville to a new address at the Adult Pretrial Facility in Visalia, California. (Doc. 12.)

On October 6, 2022, the Court issued an Order of Reassignment, reassigning this matter from the temporarily assigned magistrate judge to the undersigned for all further proceedings. (Doc. 14.)

October 21, 2022, the Order of Reassignment was returned by the U.S. Postal Service marked Undeliverable, Not Deliverable as Addressed, and Unable to Forward. (Docket Entry dated 10/21/22.)

## II.  DISCUSSION

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.**  A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

According to the Court's docket, following the return of legal mail on October 21, 2022, Plaintiff's address change was due no later than December 30, 2022. More than 63 days have now passed, and Plaintiff has failed to file a change of address. Therefore, Plaintiff has failed to comply with this Court's Local Rules and has failed to prosecute this action.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products*

---

[1] Courts may dismiss actions *sua sponte* under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

2

*Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

Plaintiff's failure to file a notice of change of address following the return of legal mail directed to Plaintiff at his current address on record with this Court weighs in favor of dismissal. This is particularly so where Plaintiff has previously notified the Court of a change in address. (*See* Doc. 12.) Given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, while no defendant has appeared in this action, the case has been pending for more than seven months. Thus, the third factor also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has stopped moving this case forward toward disposition on the merits. He has instead ceased communicating with the Court altogether. Therefore, the fourth factor also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). In this Court's First Informational Order In Prisoner/Civil Detainee Civil Rights Case, issued June 1, 2022, Plaintiff was warned that a "pro se plaintiff must keep the Court and opposing parties informed of the party's correct current address," citing Local Rule 182(f). (*See* Doc. 3 at 5.) The Order further warned that if "a pro se plaintiff's address is not updated within sixty-three (63) days of mail being returned as undeliverable, the case will be

dismissed for failure to prosecute," citing to Local Rule 183(b). (*Id.*) Further, it e reasonably can b inferred from Plaintiff's notice to this Court concerning a previous change in address (*see* Doc. 12), that Plaintiff is aware of his obligation to keep the Court so apprised. Thus, the undersigned finds Plaintiff had adequate warning that dismissal could result from his noncompliance with a Court order and this Court's local rules. In sum, the fifth factor weighs in favor of dismissal. *Ferdick*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

### III. CONCLUSION AND RECOMMENDATION

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute this action and failure to keep the Court apprised of his current address. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 4, 2023**                      _____
                                                                 UNITED STATES MAGISTRATE JUDGE